59 CCPA

**ALOE CREME LABORATORIES, INC.,**
Appellant,

v.

**MAW–VACK, INC., Appellee.**

Patent Appeal No. 8572.

United States Court of Customs
and Patent Appeals.

Nov. 18, 1971.

James R. McKnight, Chicago, Ill., attorney of record, for appellant.

John B. Frease, Joseph Frease, Canton, Ohio, for appellee.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

ALMOND, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board, abstracted at 160 USPQ 829 (1968), dismissing a petition to cancel the registration of the mark "FASHION TWO TWENTY" issued to Maw-Vack, Inc., for a line of cosmetics.[1]

Petitioner, Aloe Creme Laboratories, Inc., appellant here, sought cancellation on the basis of its allegation that appellee's mark "FASHION TWO TWENTY" so resembles "FASHION TAN," previously used and registered by it for tanning lotion,[2] as to be likely, when applied to appellee's goods, to cause confusion or mistake or to deceive.

The record, in addition to containing the testimony of both parties, contains reference to numerous third-party registrations, some that issued prior and some subsequent to appellant's registration, covering marks for the word "fashion" alone or in conjunction with other words for goods in the cosmetic and related fields. Since the record fully supports appellant's assertion of prior rights in the trademark FASHION TAN, the only issue here is that of likelihood of confusion.

Our review of the record and consideration of the briefs and arguments of counsel do not convince us of reversible error in the decision of the board holding that:

> The marks "FASHION TWO TWENTY" and "FASHION TAN" are alike primarily in that each contains the term "FASHION". Considering the suggestive character of this common feature, indicating stylish or fashionable, and the fact that others in the cosmetic and toiletry field have adopted the term "FASHION" as the mark or a portion of a mark for their goods, the presence of this term in each of the marks is not as significant a factor in determining the confusingly similar character of these marks as petitioner urges. In fact, under the circumstances disclosed herein, it is our opinion that the readily apparent differences between the terms "TWO TWENTY" and "TAN" are sufficient to render the marks "FASHION TWO TWENTY" and "FASHION TAN" as

---

1. Reg. No. 770,071 issued May 19, 1964.

2. Reg. No. 659,620 issued March 18, 1958.

a whole registrably distinguishable and to obviate any possibility that purchasers encountering the products of the parties under these marks will mistakenly believe that they emanate from the same source.

The decision of the board is affirmed.

Affirmed.